```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DANIELLE ROWE,                                    :
                                                  :
                        Plaintiff,                :           **ORDER**
                                                  :     02-CV-4714 (DLI)(KAM)
              -against-                           :
                                                  :
CITY OF NEW YORK, ET AL..                         :
                                                  :
                        Defendants.               :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Presently before the Court is the plaintiff's motion, pursuant to Fed. R. Civ. P. 72(a), to set aside or modify the decision of Magistrate Judge Kiyo A. Matsumoto, dated February 3, 2006 ("Judge Matsumoto's M&O"),[1] granting in part and denying in part plaintiff's motion for a protective order. For the following reasons, as well as for those cited in Judge Matsumoto's M&O, plaintiff's motion is granted only to the extent that Judge Matsumoto's M&O is modified to allow disclosure of the discovery requested to the attorneys employed or retained by the parties and employees of said attorneys only and shall not be disclosed to any of the individual defendants. Plaintiff's motion is denied in all other respects.

The decision of a magistrate judge on a nondispositive matter will not be set aside unless it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden." *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001) (citing *Com-Tech Assocs. v. Computer Assoc. Int'l*, 753 F. Supp. 1078, 1079

---

[1] Familiarity with Judge Matsumoto's M&O is assumed. The relevant facts were adequately summarized in Judge Matsumoto's M&O and will be discussed only to the extent necessary.

(E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991)).

First, plaintiff argues that her college records, including information concerning a 1988 alleged knife fight incident (the "Incident"), are irrelevant, remote, and tangential to the instant discrimination case. However, as Judge Matsumoto accurately reasoned, "information need not be admissible at trial to be discoverable; Rule 26 allows discovery of any information that is reasonably calculated to lead to the discovery of admissible evidence." *See* Judge Matsumoto's M&O at 4. Here, plaintiff seeks to recover for emotional injuries and physical injuries, including neck, back and head injuries. *See* Am. Compl. at ¶¶ 22, 26(a), 28, 31, 33, 38-40. In light of the fact that plaintiff may have suffered neck and back injuries from the Incident and met with a school counselor as a result of the Incident, plaintiff's school records are reasonably calculated to lead to information relevant to plaintiff's claim for physical and emotional damages. *See* Pl.'s Dep. Tr. at 243; Dandridge Decl. at Ex. E.

Second, plaintiff contends that such records cannot be discovered because they are inadmissible at trial for impeachment purposes pursuant to Fed. R. Evid. 608(b)[2], and thus cannot be reasonably calculated to lead to the discovery of admissible evidence. Although prior acts may not be independently proven via extrinsic evidence solely for purposes of impeachment, they may serve as the foundation for cross-examination of a witness and are thus discoverable on that basis. *See* Fed. R. Evid. 608 Advisory Committee's Note; *see also United States v. Senak*, 527 F.2d 129, 144-45 (7th Cir. 1975), *cert. denied*, 425 U.S. 907, 96 S. Ct. 1500, 47 L. Ed. 2d 758 (1976), *United States v. Int's Bus. Mach., Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y.1974). Moreover, Fed. R. Evid. 608's bar on extrinsic evidence "relating to credibility is not absolute: where the prior acts are not

---

[2] Fed. R. Evid. 608(b) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence."

denied by the witness, evidence relating to them may be introduced." *See Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988) (internal citations and quotations omitted). Here, plaintiff does not deny that the Incident occurred, but rather has testified to various facts surrounding the Incident. Such facts were contradicted by police reports produced from the Incident. (*See* Judge Matsumoto's M&O at 5-7.). As such, the credence of plaintiff's trial testimony is affected and discovery of her school records relating to the Incident is reasonably likely to lead to the discovery of admissible evidence relating to plaintiff's credibility. *See id*. Therefore, as Judge Matsumoto reasoned, plaintiff has failed to establish good cause for a protective order at this juncture in the litigation. Accordingly, the Court affirms Judge Matsumoto's M&O because it is neither clearly erroneous nor contrary to law.

For the foregoing reasons, as well as those set forth in Judge Matsumoto's M&O, plaintiff's motion to set aside or modify Judge Matsumoto's M&O is granted only to the extent that any information and materials produced pursuant to this order and Judge Matsumoto's M&O shall be disclosed only to attorneys employed or retained by the parties and employees of said attorneys and shall not be disclosed to any of the individual defendants and is otherwise denied in all respects.

SO ORDERED

Dated: Brooklyn, New York
       August 28, 2006

                                      _____/s/_____
                                        Dora L. Irizarry
                                   United States District Judge